WORTH v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

CITY OF BROOKLYN—COUNTY EXPENSES—LIABILITY.

Laws 1892, c. 686, § 161, makes the county clerk the custodian of all records and papers in his office, and requires him to attend to their arrangement and preservation. Section 230 makes moneys necessarily expended by a county officer in the performance of his duties a county charge. Laws 1895, c. 954, consolidates the county of Kings and the city of Brooklyn from January 1, 1896, and makes county liabilities a charge against the city. Held, that moneys paid out by the county clerk of Kings county for restoring and rearranging files and records in his office, which, without his fault, had become damaged after January 1, 1896, are a proper charge against the city of Brooklyn.

Appeal from judgment on report of referee.

Action by Jacob Worth against the city of Brooklyn to recover moneys paid out by plaintiff, as county clerk of Kings county, for

restoring and rearranging papers and documents in the county clerk's office, which had become scattered and injured. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Almet F. Jenks (Jerome W. Coombs, on the brief), for appellant.

Hugo Hirsh, for respondent.

WILLARD BARTLETT, J. The county law provides that the county clerk shall "have the custody of all books, records, deeds, parchments, maps and papers, deposited in his office in pursuance of law, and attend to their arrangement and preservation." Laws 1892, c. 686, § 161. The same statute, in defining what constitute county charges, enumerates "moneys necessarily expended by any county officer in executing the duties of his office in cases in which no specific compensation for such services is provided by law." Id. § 230. By the act to consolidate the governments of the county of Kings and the city of Brooklyn, and to regulate the same, it was declared, among other things, that all charges and liabilities then existing against Kings county, or which might thereafter arise or accrue in said city and county, and which, but for that act, would be charges against or liabilities of said county, should, from and after the 1st day of January, 1896, for the purpose of the enforcement thereof, be deemed and taken to be charges against or liabilities of the city of Brooklyn. Laws 1895, c. 954, § 2. On the 21st day of July, 1897, while the plaintiff was county clerk of Kings county, 32 large cases in his office fell from their places, and in their fall scattered and mixed thousands of papers therein contained, breaking, tearing, and destroying books, records, and documents, and thereby, for the time being, greatly impairing the usefulness of the county clerk's office as a place of record for public documents. This occurred, as the referee in the present case has found, upon evidence which justifies such finding, without any fault or negligence on the part of the plaintiff. In order to rearrange the papers, and to rebind, repair, and rearrange the judgment dockets and books damaged by the accident, the plaintiff employed skilled workmen and expert superintendents, and paid out in salaries and other necessary expenses the sum of $14,800. No question is raised upon this appeal as to the necessity of this expenditure, or the reasonableness of the amount expended. The only question is whether the plaintiff had authority to incur the liability so as to bind the city to pay it. The statutes which have been cited conferred upon the county clerk the power to repair the damage done by the accident at a reasonable expense to the municipality. In so doing he simply discharged his duty under the county law to attend to the arrangement and preservation of the books, papers, and other documents deposited in his office pursuant to law. The expenditure therefor (always assuming it to have been reasonable, as we are bound to do upon the record before us in this case) would have been a county charge against the county of Kings before the county government was consolidated with the government of the city of Brooklyn. By force of the consolidation statute it became a charge against the city. To

a charge of this kind, provisions of the city charter in regard to contracts had no application. Under the provisions of the county law relating to the powers of boards of supervisors, charges against the county are required to be audited annually by the board. The consolidation statute of 1895, uniting the Kings county and Brooklyn governments, devolved upon the common council of the city all the powers and duties formerly vested in the board of supervisors of Kings county; and it is argued in behalf of the appellant that, before the plaintiff could enforce his claim, he was bound to procure authority for its payment from the common council. No such defense as this was set up in the answer, or suggested upon the trial. The city has had the advantage of the expenditure of the money by the plaintiff; and no valid reason in law has been presented on this appeal why it should not repay to him the amount which he has spent for its benefit. Different questions would arise if there was any suggestion of fraudulent or excessive expenditure in the case, but there is none. On the evidence, we think that the judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.